IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OLUSHADE ADEPEJU-JOSEPH,<br><br>   Plaintiff,<br><br>   v.<br><br>KAHRYN GRAVELY, *State Prosecutor,*<br>NATHAN EDWARD VOLKE,<br>STATE COMMISSIONER STAFF,<br>KEVIN OUTING, *Supervising County Attorney,*<br>MICHAEL WACHS, *Judge,* and<br>DSS,<br><br>   Defendants. | Civil Action No.:  JRR-23-1542 |

**MEMORANDUM OPINION**

    The above-captioned civil rights complaint was filed by self-represented plaintiff Olushade Adepeju-Joseph along with a motion to proceed in forma pauperis, which this court now grants. For the reason explained herein, the complaint must be dismissed.

    Plaintiff is suing judges, attorneys, and other parties involved in his child custody case litigated and decided in the Circuit Court for Anne Arundel County, Maryland.  ECF No. 1. Apparently, those domestic relation proceedings also resulted in Plaintiff being charged criminally with kidnapping. *Id*. Plaintiff alleges that Defendants conspired to deprive him of his right to due process in the context of the child custody and criminal proceedings.  As relief, he asks that this court enter an Order voiding the bench warrants issued by Judge Wachs and dismissing the state criminal charges filed against him. He also seeks compensatory damages.

    Domestic relations cases, including child custody matters, may not be heard in this court.[1] *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087

---

[1] The court notes that if plaintiff is aggrieved by the Circuit Court's decision appellate review is available.

(4th Cir. 1980) (noting federal courts "generally abstain from child custody matters"); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights"). "[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." Where the underlying cause of action arises solely from family relations law, the domestic relations exception applies. *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980). A lack of subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006), *see also* Fed. R. Civ. Proc. 12(b)(1).

Additionally, "[u]nder the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *American Reliable Ins.*, 336 F.3d at 391.

---

[2] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

To the extent Plaintiff seeks this court's intervention in his state criminal proceedings, this court may not do so. The *Younger*[3] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). If Plaintiff believes his constitutional rights have been violated in the state criminal proceedings, he may raise those claims in the state court.

Lastly, Plaintiff is advised that this court has no mandamus authority over state courts. To the extent Plaintiff is seeking mandamus relief in connection with orders entered by the State court, there is an additional bar to such relief. This court has no jurisdiction to issue a writ of mandamus commanding a State court to entertain a motion or petition. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

Thus, Plaintiff's complaint must be dismissed without prejudice and without reaching the merits of his claims. His Motion to Appoint Counsel is denied as moot.

Date: August 17, 2023

/s/
_____
Julie R. Rubin
United States District Judge

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).